15-149-cv
FirstBank Puerto Rico v. Barclays Capital Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of March, two thousand sixteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                   *Circuit Judges.*

_____

IN RE: LEHMAN BROTHERS HOLDINGS, INC.,

                   *Debtor.*

_____

FIRSTBANK PUERTO RICO,

                   *Plaintiff-Appellant*,

             v.                                                    15-149-br

BARCLAYS CAPITAL INC.,

                   *Defendant-Appellee*.

_____

Appearing for Appellant:     Jeffrey A. Mitchell, Dickstein Shapiro LLP (Judith Cohen, *on the brief*), New York, NY.

Appearing for Appellee:      Boaz S. Morag, Cleary Gottlieb Steen & Hamilton LLP (Lindsee P. Granfield, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

FirstBank Puerto Rico appeals from the December 29, 2014 decision of the United States District Court for the Southern District of New York (Buchwald, *J.*) which affirmed the May 10, 2013 decision of the United States Bankruptcy Court for the Southern District of New York (Peck, *B.J.*). The decision denied FirstBank's attempt to recover from defendant Barclays Capital, Inc. certain securities that FirstBank pledged to Lehman Brothers Special Financing Inc. ("LBSF") as security for an interest rate swap agreement. FirstBank also appeals from the district court's decision affirming the bankruptcy court's imposition of sanctions for contempt on FirstBank.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm substantially for the reasons set forth in the thorough opinions of the bankruptcy and district courts below. The bankruptcy court held, and the district court affirmed, that LBSF's sale of the securities that FirstBank initially posted as collateral to Lehman Brothers Inc. ("LBI") cut off FirstBank's interest in the collateral against LBI (or any subsequent transferee) pursuant to the International Swaps and Derivatives Association Master Agreement and Credit Support Annex.  The bankruptcy and district courts also held that the securities at issue were transferred to Barclays as part of its purchase of assets in the underlying bankruptcy proceedings.  The appropriate venue to litigate whether such securities were transferred as part of the sale was bankruptcy court, not a district court proceeding.

We also affirm the orders requiring FirstBank to pay Barclays's "reasonable counsel fees and costs incurred in defending against this litigation that has been pursued knowingly by FirstBank in violation of the Sale Order.*" In re Lehman Bros. Holdings Inc.*, No. 08-13555, 2013 WL 6283572 (Bankr. S.D.N.Y. Dec. 3, 2013), aff'd, 526 B.R. 481 (S.D.N.Y. 2014).  As noted by the district court, the "Sale Order clearly prohibits suits with respect to 'Purchased Assets' as defined in the 'Purchase Agreement,' the Sale Order clearly incorporates the Clarification Letter into its definition of the 'Purchase Agreement,' and the Clarification Letter clearly defines 'Purchased Assets' to include the collateral." *In re Lehman Brothers*, 526 B.R. 481, 496 (S.D.N.Y. 2014), *as corrected* (Dec. 29, 2014). Moreover, the sanctions were imposed only after extensive discovery and after Barclays offered First Bank an opportunity to withdraw its lawsuit without sanctions.

We have considered the remainder of FirstBank's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk